# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                        CR. No. 99-640 JP (BB)

DAVID HERRELL,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court for consideration of Defendant's motion for new trial (Doc. 106). Defendant maintains he was entitled to a jury instruction on simple possession of methamphetamine, as a lesser included offense of the charges of possession with intent to distribute. The Government argues this Court has no jurisdiction to consider Defendant's motion, because it was not timely filed. In the alternative, the Government argues Defendant was not entitled to a lesser-included-offense instruction. After considering the submissions of the parties and the applicable law, the Court agrees with the Government and will deny the motion for new trial.

The Government's contention that this Court has no jurisdiction to consider the new-trial motion appears to be meritorious. As the Government points out, Rule 33 of the Federal Rules of Criminal Procedure is applicable to the motion. Under that rule, a motion for new trial based on any ground other than newly-discovered evidence may be made only within seven days after the verdict, or within such further time as the court may fix *during the seven-day period*. The timeline in this case was as follows: (1) a verdict of guilty was returned on January 14, 2,000; (2)

On January 26, 2000, Defendant filed an unopposed motion for an extension of time in which to file his motion for new trial; (3) On January 27, 2000, upon returning from duty in Las Cruces, this Court signed an order granting Defendant's unopposed motion; (4) Defendant filed his motion for new trial on January 28, 2000. Defendant correctly argues the seven-day deadline set by Rule 33 did not expire on January 21, because under Rule 45, F.R.Cr.P., intervening Saturdays, Sundays, and legal holidays are excluded from the calculation of the seven days. Excluding the intervening weekends and Martin Luther King Day, the seven days allotted under Rule 33 expired on January 26. Therefore, although Defendant timely filed his request for an extension of time in which to file a motion for new trial, this Court did not act to grant the extension until January 27, one day too late, because this Court was not locally available to act on the request on January 26.

The seven-day deadline established by Rule 33 is jurisdictional. *See United States v. Carper*, 1994 WL 38669 (10th Cir.); *United States v. Miller*, 869 F.2d 1418, 1420 (10th Cir. 1989). It does not appear to matter whether, as in this case, the Government consented to an extension of time beyond the Rule 33 deadline, because the Government has no power to waive lack of jurisdiction and cannot confer jurisdiction by consent. *See Carper*. Furthermore, the Court has been unable to find authority indicating that a request for an extension of time, filed within the requisite seven days, may be acted upon by the Court beyond those seven days. The plain language of Rule 33 requires not only that the request for extension of time be filed within seven days of the verdict, but also that it be acted upon by the Court within those seven days. Finally, it does not appear that the Court's unavailability, on January 26, to grant the requested extension, is sufficient to overcome the jurisdictional bar of Rule 33's deadline, as there has been

2

no showing of attempts to expedite consideration of the request, or that no other judge was available to act on the request. The Court therefore holds it lacks subject-matter jurisdiction to act on Defendant's motion for new trial. *See Carper.*

It is true there are certain unusual circumstances in this case – the Government consented to an extension, the request for extension was timely filed under Rule 33, the grant of extension was only one day late, and the Court would in all likelihood have been able to act on the motion on January 26 if the Court had not been conducting hearings in Las Cruces. If the matter were up to the Court, no jurisdictional bar would be imposed and the merits of the new-trial motion would be addressed. Since it is possible the Court of Appeals may feel the same, the Court will discuss the merits of Defendant's motion.

Defendant was entitled to a lesser-included-offense instruction if (1) there was a proper request; (2) the lesser included offense includes some but not all of the elements of the charged offense; (3) the elements differentiating the two offenses were in dispute; and (4) a jury could rationally have convicted Defendant of the lesser offense and acquitted him of the greater. *See United States v. Moore*, 108 F.3d 270, 272 (10th Cir. 1997). There is no dispute in this case concerning the first two factors; Defendant made a proper request for a lesser-included-offense instruction on simple possession, and simple possession includes some but not all of the elements of possession with intent to distribute. Defendant cannot, however, satisfy the third and fourth factors of the test.

Defendant's entire argument is based on a statement he gave to an investigating officer shortly after he was arrested. According to Defendant, on at least seven or eight occasions while he was giving his statement, he claimed the methamphetamine was for his personal use. However,

in the same statement, Defendant admitted he had already given some of the methamphetamine to his wife and to another co-defendant.  He also admitted he was taking the methamphetamine with him on his trip and planned to share it with other friends when he reached his destination.  These admissions by Defendant were uncontradicted by any other evidence.  For example, Defendant did not first admit having shared the methamphetamine and then deny having done so.  If he had, the element of distribution, which distinguishes simple possession from possession with intent to distribute, might have been in dispute.  Similarly, no one, including Defendant himself, contradicted his statement that he planned to share the methamphetamine with his friends.  Since there was no evidence at all contradicting the facts that one or more acts of distribution had already occurred, and more were planned, the element of distribution was not in dispute in this case.

    In addition, given Defendant's statements, the jury could not rationally convict him of possession but acquit him of the distribution charges.  To do so, the jury would have to believe his uncontradicted admission that the methamphetamine belonged to him, but disbelieve his uncontradicted admissions that he had already given some of the methamphetamine to his wife and the other co-defendant, and planned to give more of it away in the future.  The jury would also have to ignore the portions of his statement in which he argued he was not a drug dealer, because he did not sell the methamphetamine but merely gave it away.  It is clear from reading the statement that Defendant's version of "personal use" is not that he planned to use all the methamphetamine himself, but that he planned to use it by partying with friends and sharing the drug with them.  Any other interpretation would dissect Defendant's statement, tossing out parts of it and accepting parts, without any rational basis for doing so.  Such dissection of a single

4

witness's testimony is not a basis for a lesser-included-offense instruction unless there are rational grounds upon which to base the dissection. *See Moore*, 108 F.3d at 273-74. There was no contradictory evidence in this case that might have provided rational grounds for such dissection, and Defendant was therefore not entitled to an instruction on simple possession.

Based on the foregoing, the Court denies Defendant's motion for new trial because it lacks jurisdiction to rule on it. In case that jurisdictional conclusion is proved incorrect, the Court also denies Defendant's motion because it lacks merit.

DATED March 14, 2000.

    _____
    BRUCE D. BLACK
    UNITED STATES DISTRICT JUDGE

**Attorneys:**

**For Plaintiff**
David B. Weaver
Assistant United States Attorney
555 South Telshor, Suite 300
Las Cruces, New Mexico 88011

**For Defendant**
Billy R. Blackburn
1011 Lomas Blvd. N.W.
Albuquerque, New Mexico 87102